**Motion for Rehearing Granted; Appeal Reinstated; Memorandum Opinion filed October 5, 2021, Withdrawn; and Order filed November 30, 2021**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00584-CV

---

### IN THE INTEREST OF M.L.R.S., A CHILD

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2019-70099**

### ORDER

On October 5, 2021, this court dismissed appellant's appeal for want of prosecution pursuant to Texas Rule of Appellate Procedure 38.8(a)(1). The dismissal followed appellant's repeated failure to file a brief in compliance with the Texas Rules of Appellate Procedure, particularly Rules 9.8(b)(1)(B), 9.9(a)(3), and 9.9(b), in that despite repeated warnings and admonishments by this court, she filed multiple briefs that contained hundreds of instances of unredacted sensitive information , including the names of a minor, the appellant (the minor's mother), and the minor's grandmother. *See In re M.A.K.*, No. 02-06-00204-CV, 2007 WL 495170, at *1 (Tex. App.—Fort Worth Feb. 15, 2007) (striking an appellant's brief and dismissing his appeal when, after the court informed the appellant of substantial

defects in his brief, the appellant failed to file an amended brief curing the defects).

Before the court is a motion for rehearing, which is another attempt to file a compliant brief. This document, however, does not substantially comply with the Texas Rules of Appellate Procedure, in that it does not fully redact sensitive data as required by the Texas Rules of Appellate Procedure and this court's prior instructions. Notably, in multiple instances appellant's attempt to redact sensitive data is comprised of typewritten x's over a sensitive name, which does not fully conceal the names.

Accordingly, although the court hereby **GRANTS** appellant's motion for rehearing, the court grants only one more opportunity to file a compliant brief. The court hereby reinstates the appeal and orders appellant to file a brief that complies with the Texas Rules of Appellate Procedure within 14 days of the date of this order. If appellant files another brief that does not comply with the Texas Rules of Appellate Procedure and this court's instructions regarding sensitive information, the court may strike the brief, prohibit appellant from filing another brief, and proceed as if appellant had failed to file a brief. *See* Tex. R. App. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), if an appellant fails to file a brief, we may dismiss the appeal for want of prosecution. If appellant fails to timely file a brief in accordance with the Texas Rules of Appellate Procedure, the appeal will be dismissed for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1).

This court's opinion filed October 5, 2021, is **WITHDRAWN**, and our judgment of that date is **VACATED**. The appeal is ordered **REINSTATED**.

PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant. (Hassan, J., dissents without opinion).

2